

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-33,191-04

### EX PARTE WILLIAM LLOYD MACEACHRAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F39146-A IN THE 249TH DISTRICT COURT
### FROM JOHNSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of possession of controlled substance and one count of possession of certain chemicals with intent to manufacture and sentenced to fifteen years' imprisonment in each count.

Applicant contends, among other things, that his plea was involuntary because the plea agreement is impossible to perform, leaving him illegally restrained. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the

appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that a material stipulation in his guilty plea is impossible to perform. The court shall make specific findings addressing whether Applicant understood that the proviso that the stipulation was "subject to Chapter 508 of the Gov't. Code" could mean that the terms of the stipulation could be defeated by other aspects of the Government Code, such as the requirement conditioning mandatory supervision release on the Board's discretion or the provision allowing potential forfeiture of street time. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: August 22, 2018
Do not publish